UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ELAINE MARTIN and DARRELL SWIGERT,<br><br>  Defendants. | Case No. 1:13-cr-00065-BLW<br><br>MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

Before the Court is Defendant Darrell Swigert's Motion for Release Pending Appeal (Dkt. 346). On March 19, 2014, the Court sentenced Swigert to a term of three months following his conviction by a jury on one count of Conspiracy to Obstruct a Pending Proceeding and two counts of Obstruction of Justice. The Court recommended that Swigert serve his three month term of incarceration in a work camp at the Bureau of Prisons ("BOP") facility in Sheridan, Oregon. BOP is currently in the process of designating a facility for Swigert. The Court allowed Mr. Swigert to self-surrender to the BOP at the proper time as ordered by the BOP. Swigert anticipates that he would begin

serving his three-month term of incarceration within six to eight weeks from his date of sentencing. Swigert now seeks an order granting his release pending appeal. For the reasons set forth below, the Court will grant Swigert's motion.

## ANALYSIS

In order to be released pending appeal, a defendant must demonstrate that he meets certain statutory requirements: (1) that he does not pose a flight risk or danger to the community; (2) that the appeal is not for purposes of delay; and (3) that the appeal raises a substantial question of law that is likely to result in reversal, an order for new trial, a sentence of no imprisonment, or a sentence reduced to a term of imprisonment less than the time expected for the duration of the appeal. 18 U.S.C. § 3143(b); *see also U.S. v. Handy*, 761 F.2d 1479 (9th Cir. 1985). The defendant bears the burden to overcome the presumption that he should be detained while his appeal is pending. *United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

The government concedes that Swigert is not a flight risk, and the Court agrees. Likewise, the Court finds that Swigert's appeal is not for the purpose of delay. Thus, Swigert easily satisfies two of three requirements. However, the third requirement—whether the appeal raises a substantial question of law that is likely to result in reversal or an order for a new trial—presents a more difficult question.

A court need not find that defendant will probably prevail on appeal to find that a substantial question of law or fact exists; "the word 'substantial' defines the level of merit required in the question raised on appeal, while the phrase 'likely to result in reversal'

defines the type of question that must be presented." *United States v. Handy*, 761 F.2d 1279, 1280–81 (9th Cir. 1985). A substantial question "is one that is fairly debatable, or fairly doubtful. In short, a substantial question is one of more substance than would be necessary to a finding that it was not frivolous." *Handy*, 761 F.2d at 1283; *see also United States v. Montoya*, 908 F.2d 450, 450 (9th Cir.1990).

> Here, Swigert identifies twelve different issues he intends to present on appeal:
>
> (1) the government's purported failure to allege a material element in the indictment; (2) the sufficiency of the allegations in the obstruction charges; (3) whether an investigation by the U.S. Attorney's Office constitutes a proceeding within the meaning of Section 1505; (4) allegedly improper vouching by the government at trial; (5) alleged failure to establish an agreement, knowledge of a conspiracy, or knowledge of a proceeding; (6) improper jury instructions; (7) sufficiency of the evidence;(8) erroneous use of the March 2013 date for the allegedly false statements; (9) failure to provide notice of the alleged false statements; (10) alleged violations of the Brady doctrine by failure to timely provide exculpatory evidence; (11) improper admission of Exhibit 1909; and (12) improper burden shifting.

In arguing that these twelve issues present a substantial question, Swigert provides very little meaningful analysis. However, Swigert raised these same issues in his post-trial motions. The Court is therefore familiar with them. In addition, the Court spent some reviewing the post-trial briefs to become reacquainted with the arguments. And after conducting this review, the Court finds that the vast majority of the issues Swigert identifies do not present a substantial question, which, if decided in his favor, would likely result in reversal or an order for a new trial. But one or two do, and this is all Swigert needs to be eligible for release pending appeal.

Because the Court finds that Swigert is not a flight risk, his appeal is not brought for purposes of delay, and the appeal presents a substantial question of law or fact that is likely to result in reversal or an order for a new trial, the Court will—in this very rare instance—grant Swigert's motion for release pending appeal.

The Court notes that this case is also unique because Swigert's sentence is very short—three months—and it is likely that he will serve his entire sentence before his appeal is decided. Incarcerating such a defendant immediately upon conviction could substantially diminish the benefit he would ordinarily receive from an appeal." *United States v. Garcia*, 340 F.3d 1013, 1019 (9th Cir. 2003)(citing *United States v. McManus*, 651 F.Supp. 382, 384 (D.Md.1987) ("There seems little point to an appeal if the defendant will serve his time before a decision is rendered.")).

## ORDER

**IT IS ORDERED that** is Defendant Darrell Swigert's Motion for Release Pending Appeal (Dkt. 346) is **GRANTED**.

DATED: May 22, 2014

B. Lynn Winmill
Chief Judge
United States District Court